**[J-30-2020]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 32 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered 1/18/19 at No. 1354 WDA |
| | : | 2017, affirming the judgment of |
| v. | : | Sentence of the Court of Common |
| | : | Pleas of Allegheny County entered |
| | : | 8/25/17 at No. CP-02-CR-0011118- |
| CHARLES F. NEVELS, III, | : | 2015 |
| | : | |
| Appellant | : | SUBMITTED:  April 16, 2020 |

*OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  AUGUST 18, 2020**

In this appeal by allowance, we consider whether the statute criminalizing retaliation against witnesses applies only to witnesses in civil litigation.

When originally enacted in 1980, Section 4953 of the Crimes Code stated:

**(a) Offense defined.**  A person commits an offense if he harms another by any unlawful act in retaliation for anything lawfully done in the capacity of witness or victim.

18 Pa.C.S. §4953(a) (superseded).  The provision was amended in 2000 to read as follows:

**(a) Offense defined.**--A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of *witness, victim or a party in a civil matter*.

18 Pa.C.S. §4953(a) (emphasis added). *See* Act of Dec. 20, 2000, P.L. 837, No. 117, §1. This appeal centers on whether the new phrase, "or a party in a civil matter," affects the scope of the prior statutory terms "witness" and "victim" – so that they, too, are limited to the civil context.

In March 2014, Husband and Wife witnessed a fatal shooting outside their home.[1] In their grand jury testimony concerning the incident, they implicated Theodore Smedley. In June 2015, shortly before Smedley's trial was scheduled to begin, an arson fire occurred at the couple's house, where they and their daughter were sleeping. Although the flames engulfed the home, all three occupants escaped, albeit with injuries. Appellant – Smedley's cousin – was eventually arrested in connection with the fire and charged with multiple counts of retaliation against a witness, attempted homicide, and aggravated arson. A jury convicted Appellant on all counts, and he was sentenced to a lengthy prison term.

On appeal, Appellant argued, among other things, that the evidence was insufficient as a matter of law to sustain his conviction for retaliation against a witness. In his advocacy on this point, Appellant noted that Section 4953(a) requires the retaliation to have been committed against a "witness, victim or a party in a civil matter." 18 Pa.C.S. §4953(a). He maintained that such language excluded Husband and Wife because they provided testimony in a criminal matter.

A divided, three-judge panel of the Superior Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Nevels*, 203 A.3d 229 (Pa. Super. 2019). The majority concluded that the civil-matter qualifier modifies only the immediately preceding word, "party." *See id.* at 243. The dissent opined that the statute was ambiguous and,

---

[1] Their names are not included in this opinion in an abundance of caution, as they have already been the victims of crimes of violence based on their eyewitness testimony.

as such, should be read in Appellant's favor pursuant to the rule of lenity. *See id.* at 249-50 (Shogan, J., dissenting).

This Court granted further review limited to the following issue as framed by Appellant:

> Whether the evidence was insufficient as a matter of law to the charges of Retaliation Against Witnesses or Victim (18 Pa.C.S. § 4953(a)), where the evidence demonstrated that if [Appellant] had retaliated against anyone, no such person had been party in a civil matter, but rather had testified or was about to testify in a criminal matter.

*Commonwealth v. Nevels*, ___ Pa. ___, 216 A.3d 1042 (2019) (*per curiam*).

Although the above facially sets forth a claim of evidentiary insufficiency, in seeking review Appellant stressed that the crux of his argument related to the purportedly limited scope of the statute as encompassing witnesses (and victims) in civil matters only, *see, e.g.*, Petition for Allowance of Appeal in *Commonwealth v. Nevels*, No. 49 WAL 2019 (Pa.), at 22, and that is the basis on which this Court issued its limited grant. As such, the sole issue for our present resolution pertains to the proper interpretation of the statute, which is an issue of law as to which our review is plenary and *de novo*. *See Commonwealth v. Cullen-Doyle*, 640 Pa. 783, 786, 164 A.3d 1239, 1241 (2017).

Highlighting that statutory words and phrases should "be construed according to rules of grammar and according to their common and approved usage," 1 Pa.C.S. §1903, Appellant asserts that the most natural reading of Section 4953(a) suggests it only protects individuals from retaliation for their role in civil proceedings. Appellant posits that an interpretation whereby the statute protects parties in civil proceedings only, while also protecting witnesses and victims in criminal proceedings, would lead to an absurd result, contrary to Section 1922(1) of the Statutory Construction Act. *See* 1 Pa.C.S. §1922(1) (reflecting a presumption that the General Assembly does not intend

a result that is "absurd, impossible of execution, or unreasonable"). He maintains, in this regard, that it would be unreasonable not to protect witnesses in civil matters from retaliation. *See* Brief for Appellant at 26. Finally, Appellant agrees with the Superior Court dissent that, to the degree the statute is ambiguous, it must be read strictly against the government under the rule of lenity. *See id.* at 27-30 (citing, *inter alia*, 1 Pa.C.S. §1928 (providing that penal statutes are subject to a strict construction)).

Section 4953 appears in Part II, Article E, Subchapter 49(B) of the Crimes Code.[2] Subchapter 49(B) provides an express definition for the terms "victim" and "witness," as follows:

> The following words and phrases when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section.
>
> **"Victim."** Any person against whom any crime as defined under the laws of this State or of any other state or of the United States is being or has been perpetrated or attempted.
>
> **"Witness."** Any person having knowledge of the existence or nonexistence of facts or information relating to any crime, including but not limited to those who have reported facts or information to any law enforcement officer, prosecuting official, attorney representing a criminal defendant or judge, those who have been served with a subpoena issued under the authority of this State or any other state or of the United States, and those who have given written or oral testimony in any criminal matter; or who would be believed by any reasonable person to be an individual described in this definition.

18 Pa.C.S. §4951.

As can be seen from the above, for purposes of Subchapter 49(B), the terms "victim" and "witness" are to be understood within the context of criminal proceedings, "unless the context *clearly* indicates otherwise." *Id.* (emphasis added). Thus, the

---

[2] Part II relates to the definitions of specific offenses, Article E to offenses against public administration, and Chapter 49(B) to victim and witness intimidation.

question becomes whether the present statutory context clearly indicates otherwise. In this respect, and as noted, Appellant suggests that it does due to the inclusion, in 2000, of parties in civil matters. However, there is little indication that that addition to the list of persons protected under Section 4953 was intended to affirmatively remove protections that already existed for victims and witnesses in criminal matters.

Nor does a grammatical analysis of the statutory text lead to such a result. Appellant's reading assumes that the words witness and victim are essentially in a series with party, so that all three are subject to the "civil matter" qualifier appearing at the end of the sentence. But the Legislature's use of the indefinite article "a" in the middle of the series undermines that reading. If the nouns in Section 4953(a) were intended to be placed in a series, traditional English grammar would suggest usage of a parallel structure. The Legislature instead used a parallel structure for victim and witness, and then it interrupted that parallelism by placing "or a" before "party in a civil matter." It is therefore questionable at best to read "in a civil matter" as limiting anything other than "party." *Accord* Brief for Commonwealth at 26 ("Giving 'or' its normal disjunctive effect in §4953, 'a party in a civil matter' is correctly read as an alternative to witnesses and victims[.]").[3] Even to the degree an argument in favor of Appellant's understanding may be capable of articulation, the point here is that the statutory context does not *clearly indicate* that that would be the preferred reading, as is required under Section 4951.

Our conclusion is also consistent with the common sense understanding of the limited nature of the 2000 statutory amendment as simply adding protections for parties

---

[3] The Commonwealth also posits that limiting "party" in this way is sensible because in criminal matters the only two parties are the Commonwealth and the defendant, and the prosecuting attorney is independently protected from retaliation. *See* Brief for Commonwealth at 28 (citing 18 Pa.C.S. §4953.1).

in civil matters. As demonstrated by the present case, witnesses in criminal matters are sometimes themselves victimized by persons unhappy with their cooperation with the authorities, and the statute in the pre-2000 timeframe protected those individuals from retaliation. It is counterintuitive to think the Legislature would have sought to eliminate such safeguards by adding text to the statute which protects civil parties. *Accord* Brief for Commonwealth at 28 ("It is illogical to interpret the addition of 'or a party in a civil matter' as signifying the [L]egislature's intent to decriminalize retaliation against witnesses and victims in criminal matters.").

Additionally, we disagree with Appellant to the degree he suggests that the failure to protect witnesses in civil matters renders our present interpretation unreasonable. As noted, the statute originally protected only witnesses and victims in criminal matters, and it was later revised to add protections for parties in civil matters. While the legislative body may, at some future time, see fit to extend protections to witnesses and victims in civil matters, it need not have done so as part of the 2000 revision. To the contrary, the Legislature is free to address social problems of statewide dimension incrementally. *See Harrisburg Sch. Dist. v. Zogby*, 574 Pa. 121, 140-41, 828 A.2d 1079, 1090-91 (2003) (citing *Maurer v. Boardman*, 336 Pa. 17, 27, 7 A.2d 466, 473 (1939)).

Finally, Appellant cannot prevail by appealing to the rule of lenity. As explained, the definitions appearing in Section 4951 are to be applied throughout Subchapter 49(B) absent a clear contextual indication to the contrary, which does not exist here. That being the case, when Sections 4951 and 4953 are read together, there is insufficient ambiguity in the substantive statute criminalizing victim or witness retaliation to implicate strict construction against the government. In all events, the rule of lenity has its limits, as it "does not require that the words of a penal statute be given their narrowest

possible meaning or that legislative intent be disregarded." *Commonwealth v. Packer*, 568 Pa. 481, 489, 798 A.2d 192, 196 (2002) (internal quotation marks and citation omitted).

Accordingly, the judgment of the Superior Court is affirmed.

Justices Baer, Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.